## J. D. CAMPBELL V. J. W. FIELDS AND OTHERS.

1. The fifteenth section of the twelfth article of the present State Constitution provides that a homestead "shall not be subject to forced sale for debts, except they be for the purchase thereof, for the taxes assessed thereon, or for labor and materials expended thereon." *Held*, that this provision did not repeal pre-existing laws on the subject of mechanics' liens. But it enlarged the scope of such liens by subjecting to their operation a new object, to-wit, the homestead.

2. A mechanic's lien which is to operate upon a homestead must be created in the same manner as if intended to operate on other real property; and under our statutes (Articles 4592-3, Paschal's Digest), the contract must be made in writing, and be recorded within thirty days after its execution.

3. The Constitution of 1869 became the fundamental law of the State at the time of its ratification by the majority of the voters of the State; and not when it was approved by the United States Congress on the 27th of March, 1870. That approval was only a condition precedent to the representation of the State in the National Legislature.

4. Section 47 of Article 12 of the State Constitution provides that "mechanics and artisans of every class shall have a lien upon the articles manufactured or repaired by them, for the value of their labor done thereon, or materials furnished therefor; and the Legislature shall provide by law for the speedy and efficient enforcement of said liens."

No legislative action is necessary to create the lien provided for by this section of the Constitution ; nor is the contract required to be in writing, or to be recorded. But this lien cannot exist upon real property ; it is confined to articles of personal property.

APPEAL from Colorado.    Tried below before the Hon. L. Lindsay.

This suit was brought by the appellees to the June term, 1871, of the District Court of Colorado county, and against the appellant, for the value of work done, and materials furnished by the plaintiffs, on and for the homestead of the defendant, during the months of January, February and March, 1870.    There was no written contract between the parties.    The plaintiffs claimed a mechanic's lien, and prayed its enforcement ; and the judgment being in their favor, the defendant appeals.

*J. D. Campbell*, appellant, in proper person.

*W. J. Darden*, for the appellees.—The appellant contends that no lien could exist upon his house and lot, because it was his homestead, notwithstanding the claim of plaintiffs was for labor done thereon, and material furnished therefor, before it became his homestead.    The ruling of the court was in strict accord with Section 47, Article 12, general provisions of the Constitution, which makes a mechanic's lien absolute without writing of any kind.    The second and third assignments of errors are substantially the same, and have for their object the establishment of the doctrine that the Constitution adopted by the people of Texas in 1869, did not become operative (even as to the relative civil affairs of the people of the State) until it was ratified by Congress on or about thirty-first of March, 1870.

It is submitted that the charge of the court is correct; that the ratification of the Constitution by Congress was not to regulate the civil affairs of the State, but to affect its political condition. Under the Constitution, and previous to its ratification, the Legislature was convened, and State, district, and county officers were elected. This court knows, as a matter of history, that the several courts of the State were held, and justice administered ; the State existed in all its integrity, and all the machinery, executive, legislative and judicial, necessary to the State, also existed *in proprio vigore.* The supreme law of the land, the Constitution of the United States, "in all its provisions, looks to an indestructible Union, composed of indestructible States." (The State v. White & Chiles, 25 Texas Sup., 600.) The ratification by Congress evidently restored the State to its normal political condition ; but the State must have been in existence, with all the attributes of a republican form of government, and all the other essentials required by the supreme law of the land, before it could be so restored. This court knows historically that two United States Senators and four Representatives were elected to Congress, and upon the ratification they took their seats, thereby showing that the action of Congress related back and confirmed the adoption of the State Constitution by the people of Texas, and it then became operative to restore the political relations, as from the time of its adoption it was binding and effective in regard to the civil rights and duties *inter sese* of the State. In fact, all the laws of Texas, not antagonistic to the public policy, interests, and Constitution and laws of the United States (nor in support of the Confederate States), will be upheld, and, as between citizens of the State, were valid to all intents and purposes (Cassell v. Blachrack, 42 Miss., 56) ; and, as

48—XXXV

remarked by the judge below in his charge, "Had not the Constitution been ratified by Congress, it would still have remained the organic law of the State until superseded by another Constitution, adopted by the people, as was the Constitution of 1866 until superseded by that of 1869." And appellees submit that by this law their lien was assured, and they are entitled to an affirmance of the judgment of the court below.

WALKER, J.—This was a proceeding in the District Court of Colorado county to enforce a mechanic's lien upon property held and occupied as a homestead.

Under the charge of the court, the jury found for the plaintiff, and the defendant appeals from the judgment of the court, as entered on the verdict, and it is assigned for error that the court overruled the defendants' exception to the petition ; also that the court erred in its charge to the jury, that the present Constitution of the State became operative, for the purpose of creating a lien upon the homestead, prior to the ratification by Congress, on the twenty-seventh day of March, 1870; and also in overruling the defendants' motion for a new trial.

The fifteenth section of the twelfth article of the present Constitution does not deprive the Legislature of the power to regulate the manner in which the mechanic's lien may be contracted and secured ; nor does it repeal existing laws on this subject. It enlarges the scope of the lien by adding to the old law a new object upon which it may be made to operate, viz., the homestead ; but we apprehend that a lien which is to operate upon the homestead must be contracted in the same manner, and with the same solemnity, as when intended to operate upon other real property.

If, then, this contract was not made in writing, and

recorded in the clerk's office within thirty days from the time of its execution, it could neither operate against a homestead nor any other real property; and the charge of the court, wherein it contravened this rule, is erroneous, and the exception to the petition should have been sustained. (See Articles 4592 and 4593, Paschal's Digest.)

The instruction of the court, as given to the jury, that the present Constitution became the fundamental law of the State when ratified by a majority of the votes of the people polled for and against it, is undoubtedly correct.

The Constitution was made and adopted in pursuance of the Reconstruction Act of March 2, 1867, and the acts supplemental thereto. And there is believed to be nothing therein contained which would contradict this construction, though it would certainly be erroneous to say that a Legislature, Governor, Lieutenant Governor, etc., have been elected under the present Constitution; they were elected at the same ballot which ratified the Constitution itself, and it may be said that the political action of the people prior to the thirtieth of March, 1870, was only authorized by the reconstruction laws.

The approval of the Constitution by Congress was only a condition precedent to the representation of the State in the National Legislature; and this condition of the reconstruction laws did not prevent the Constitution from becoming the organic law of the State on its ratification by the people, for all the purposes of State government.

Section 47 of Article 12 of the Constitution gives to mechanics and artisans of every class a lien on the articles manufactured or repaired by them, for the value of their labor done thereon, or materials furnished there-

for, and the Legislature shall provide by law for the speedy and efficient enforcement of said liens. This is but the application of the principles of the common law ; and in order to create a lien on personal property, no legislation is necessary under this section, other than that which applies to the enforcement of such liens.

We are of the opinion that under this section of the Constitution no contract in writing, nor record of any contract, would be necessary to give the mechanic and artisan a lien for labor performed or materials furnished upon any *articles* manufactured or repaired by them. But the word *articles* in this section of the Constitution does not refer to houses and lands ; and, while a verbal contract merely may be good to secure the mechanic a lien upon a watch or a carriage, or any other article properly so called, such a verbal contract would not be good to secure a lien upon real estate.

We think, then, the judgment of the District Court was erroneous, and must be reversed and the cause dismissed.

REVERSED AND DISMISSED.